UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN MEREDITH, | ) | Case No.: 1:07 CV 1869 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CITY OF CLEVELAND HEIGHTS, *et al.*, | ) | |
| Defendants | ) | <u>ORDER OF REMAND</u> |

## I. BACKGROUND

Currently pending before the court is Plaintiff's Motion to Remand (ECF No. 7) this case to the Common Pleas Court from which it was removed. For the reasons stated herein, said Motion is granted.

On June 15, 2007, Karen Meredith ("Plaintiff" or "Meredith") filed her Amended Complaint in the within action against the City of Cleveland Heights ("Cleveland Heights"), Commander Sudyk of the Cleveland Heights Police Department and other John Doe Defendants. She alleges she was arrested outside her home on June 4, 2005, by Cleveland Heights police officers who charged her with resisting arrest, assault on a police officer, two counts of aggravated riot and a lesser included count of the riot offense. Meredith maintains that she was tried and acquitted on each of these counts in the Cuyahoga County Common Pleas Court. In this case, her five claims against the

Defendants are for false imprisonment, malicious prosecution, slander per se, negligence, and intentional infliction of emotional distress.

Defendants removed the action to this court, asserting that this suit was one over which the court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 and, thus, was removable under 28 U.S.C. § 1441(a). They based their argument for jurisdiction on the assertion in Plaintiff's Complaint that Defendants "wrongfully deprived Plaintiff of her right to liberty." A reference to loss of liberty appears in Count 1 of Plaintiff's Complaint for false imprisonment and in Count 2 for malicious prosecution. In Count 1, Plaintiff states Defendants ". . . unlawfully deprived Plaintiff of her freedom of movement and liberty for two (2) days . . . by unlawfully detaining her at the Cleveland Heights City Jail." She also states in that count that "[a]s a direct and proximate cause of said imprisonment, Plaintiff suffered mental anguish, great pain of body and mind...loss of liberty...." In Count 2, Plaintiff states, "[a]s a direct and proximate cause of the malicious prosecution of Plaintiff ... [she] suffered loss of her liberty, injury to her reputation...."

## II. MOTION TO REMAND

Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over "cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that plaintiff's right to relief necessarily depends on a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

In her Motion to Remand, Plaintiff maintains that the claims asserted in her Complaint "are grounded solely in the common law/or statutes of the State of Ohio, and are not federal claims. Furthermore, the allegation that [she] suffered a 'loss of liberty' neither presents a federal claim nor a substantial claim of federal law." Plaintiff argues that Ohio case law does not require proof of a

federal constitutional violation in order to prevail on a malicious prosecution or false imprisonment claim. Defendants argue that, since Plaintiff does not state in her false imprisonment and malicious prosecution claims whether they are brought under state common law or federal constitutional law, Defendants properly concluded these counts were based on the Fourth Amendment to the U.S. Constitution. Defendants maintain that *Albright v. Oliver*, 510 U.S. 266, 273-275 (1994), wherein the Court held that the 1983 claim of a party to be free from prosecution without probable cause is to be judged by the Fourth Amendment, rather than substantive due process, supports their argument that Plaintiff's claims are federal. Defendants also state that, even if the court were to conclude that Plaintiff's claims are based on state law, the court still has federal question jurisdiction because Plaintiff's right to relief on her false imprisonment and malicious prosecution claims necessarily depends on a substantial question of federal constitutional law.

On remand, the Defendants have the burden of proving the court's jurisdiction. *See Eastman v. Marine Mach. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). This court finds that Defendants have not shown that the court has federal question jurisdiction based either on the fact that Plaintiff has asserted a federal claim, or on the fact that the court must decide a substantial question of federal constitutional law in deciding Plaintiff's state law claims for false imprisonment and malicious prosecution. Plaintiff's Complaint clearly sets out five causes of action, and the nature of each cause is clearly stated. While it is true that the Complaint does not say explicitly whether it is based on Ohio common law, it uses the language of the common law and does not refer to any federal statute or constitutional provision. For example, it does not refer to 42 U.S.C. § 1983, as does the Complaint in *Albright*. Though it is true that one can state a federal cause of action without mentioning a federal statute or constitution, the facts and circumstances must be such as to suggest

such a result. Here, the causes are clearly denominated; and, it is clear from a reading of Plaintiff's well-pled Complaint that she is merely using the words in her false imprisonment claim, "deprived of movement and liberty," to indicate she was being held against her will. It is also clear from her Complaint that when she states in her malicious prosecution claim that she "suffered loss of her liberty, injury to her reputation...," she is describing the consequences of Defendants' alleged actions in prosecuting her. There is no indication she is trying to frame her claim in Fourth Amendment terms.

This court also finds that it does not have federal question jurisdiction over Plaintiff's state law claims for false imprisonment or malicious prosecution because Plaintiff's right to relief on those claims does not necessarily depend on a substantial federal question. Defendants have pointed to no case law which supports a conclusion that in order to prove malicious prosecution or false imprisonment, one must prove a constitutional violation. Furthermore, even if the facts underlying malicious prosecution and false imprisonment claims are sufficient to support a 1983 claim under the Fourth Amendment, this does not demonstrate that the court must resolve a substantial question of federal constitutional law.

Defendants also assert that Plaintiff's Motion to Remand should be denied because another case by a different plaintiff that grows out of related incidents has been filed and is currently pending in federal court, *Stephen Lott, Jr. v. Bradford A. Sudyk*, Case No. 1:07CV1607 (Judge Christopher Boyko). The court notes that the Complaint in that case specifically indicates that it is asserting a claim based on 42 U.S.C. § 1983, clearly a claim based on federal law. In addition, Judge Boyko has already determined, by denying Defendants' Motion to consolidate in that case, that the two cases are not sufficiently related under our Local Rules to require transfer of this case to him.

- 4 -

Defendants also assert that inasmuch as Plaintiff has not signed a valid waiver of her potential federal claims, her Motion should be denied since she may seek to assert them later. The court finds this argument not to be well-taken. The court will not assume that Plaintiff's counsel would mislead it by asserting that Plaintiff's Complaint, as currently drafted, does not contain a federal claim and then argue on remand that it includes a federal claim. Of course, if the Complaint is amended in state court to state a federal claim, Defendants may remove the case at that time. If the state claims are resolved on the merits in the trial court, they are likely to provide Defendants a basis for asserting the defense of res judicata in regarding any federal claims that might have been, but were not, brought.

### III. ATTORNEY FEES

Plaintiffs seek the payment of $1,500 in attorney fees incurred as a result of removal of this action. Counsel has appended an affidavit in support of the fee request. 28 U.S.C. § 1447(c) states, in pertinent part, "[a]n order remanding the case may require payment of just cost and any actual expenses, including attorney fees, incurred as a result of the removal." Based on the facts and circumstances in the within case, the court finds that an award of attorney fees is just. However, the court finds that the appropriate amount of the fees should be based on five hours of attorney research and writing to file the Motion to Remand. The court further finds that the $150.00 hourly rate of Attorney Anthony Parker, counsel for Plaintiff, is reasonable. Therefore, the court hereby orders that Defendants shall pay Plaintiff the sum of $750.00.

### IV. CONCLUSION

For all of the above reasons, the court concludes that Defendants have not shown that this court has jurisdiction. Indeed, the court concludes that it does not. Therefore, it hereby grants Plaintiff's Motion to Remand (ECF No. 7). The court also orders that Defendants pay Plaintiff $750.00 as an award for attorney fees incurred in the filing of the Motion. This case is hereby remanded to the Cuyahoga County Common Pleas Court from which it was removed.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 6, 2007